**William F. BROOKS t/a Stanley's Horse and Buggy Tavern, Appellant,**

v.

**STATE of Delaware, acting Through the Delaware ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted Feb. 20, 1981.
Decided March 10, 1981.

B. Wilson Redfearn (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant.

Robert W. Willard (argued), of the Department of Justice, State of Delaware, Wilmington, for appellee.

## OPINION

CHRISTIE, Judge.

This is an appeal from a decision and order of the Delaware Alcoholic Beverage Control Commission by which the Commission suspended appellant's liquor license for ten days. The Commission's action stemmed from an advertisement which the appellant, Mr. William F. Brooks, trading as Stanley's Horse and Buggy Tavern, caused to be placed in the Wilmington Morning News. The advertisement stated the retail prices of various alcoholic beverages for sale at Stanley's Horse and Buggy Tavern. The Commission found this advertisement to be in violation of Rule 27 of the rules of the Commission. This rule was promulgated by the Commission pursuant to its rule-making powers, granted under the provisions of 4 *Del.C.* § 304(a)(1) and (2)[1]. It states in pertinent part:

A. Except as provided in subsection B, no manufacturer, importer, or holder of a license for the sale of alcoholic liquors shall advertise the price or the offering of gifts, prizes, coupons, or premiums in any manner by newspaper, magazine, periodical, circular, or by radio, television ... and such prohibition shall also apply to any reference to price ....

B. Licensees for the sale of alcoholic liquors for on-premises consumption may advertise in any medium, package deals which would include food, alcoholic beverages, noisemakers, hats and party favors for any weddings, national or state holidays or events recognized by the Commission to be of a special religious or cultural nature.

---

1. 4 *Del.C.* § 304(a)(1) and (2) states:
   (a) The Commission shall:
   (1) Adopt and promulgate rules and regulations not inconsistent with the provisions of this title or of any other law of the State, and all such rules and regulations shall have the force and effect of law;
   (2) Establish by rules and regulations an effective control of the business of manufacture, sale, dispensation, distribution and importation of alcoholic liquors within and into the State, including the time, place and manner in which alcoholic liquors shall be sold and dispensed, not inconsistent with the provisions of this title or with the provisions of any other law of this State.

Licensees for the sale of alcoholic liquor for on-premises consumption may also advertise a "Happy Hour" in any medium, except that such advertisement shall not mention or refer to the price of alcoholic liquors.

Mr. Brooks admits that an advertisement containing specific prices violates Rule 27 but he contends that the rule is an unconstitutional restraint of his First Amendment right to freedom of speech. Mr. Brooks argues that in order to restrain speech, even if it is commercial speech, the State must have an interest so compelling as to override the constitutional right of freedom of speech. Where the effect of a restraint is an absolute ban on one form of speech, he suggests that the State has an especially high burden in order to prove a compelling interest. Mr. Brooks argues that Rule 27, which does indeed contemplate a total ban on advertising the price of liquor, is not supported by any compelling interest which would render that rule constitutional.

The State's position is that the State's interest in regulating the sale of alcohol, as recognized in the Twenty-First Amendment[2], is a compelling interest which justifies the strict regulation of advertising, including a total ban on advertising the prices of alcoholic beverages. The State points out that Rule 27 prohibits only the advertising of the price of liquor; other advertising is permitted. All parties recognize that there must be a balancing of the First Amendment freedoms and Twenty-First Amendment powers in the light of the State's concern for the safety of its citizens. The State, however, construes the right to freedom of speech as being less pervasive than does Mr. Brooks and urges that its interest in regulating the sale of alcohol meets whatever burden it has to justify the limited restraint imposed under Rule 27.

■ I find the provisions of Rule 27 which prohibit price advertising to serve no recognizable State interest. It is, therefore, deemed to be an unconstitutional restraint on freedom of speech. The parts of Rule 27 pertinent to issues now before the Court do not purport to regulate the actual sale of liquor or the prices at which the liquor is sold. Those provisions of the rule here under attack are aimed only at communications in the form of advertisement which indicate the specific price at which liquor is offered for sale. The purpose of any such regulation is obscure at best. Perhaps it was originally designed to discourage publicity of price wars on the theory that those taking advantage of price wars might overindulge in the use of alcohol. Another theory might have been that publicity as to prices might stimulate people to buy, who might not otherwise buy. As noted by the State, it can be argued that an advertisement for Scotch at "$5 per bottle" might attract more customers than an advertisement for Scotch at "a discount." However, if the aim of the regulation is to prohibit advertising which encourages the purchase or consumption of alcoholic beverages, there is no logic to this one restriction on one phase of such advertising. A more likely explanation for the rule's price restriction is that it is an obsolete remnant of a now discarded scheme to prevent price competition between retailers.

■ The United States Supreme Court has upheld various reasonable restrictions on speech which regulate time, place, and manner of speech of a commercial nature. The First Amendment balancing process mitigates against such restraints when their effect is to absolutely prohibit certain speech. In the instant case, the interest in regulating the distribution of alcoholic beverages appears to be ill-served by this regulation. In any event, such an interest does not outweigh the constitutional guarantee of free speech so as to justify a total ban on price advertising.[3]

---

**2.** Section two of the Twenty-First Amendment reserved to the States certain powers to regulate the marketing of liquor. That section states: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

**3.** The State urges that the decision in *Great*

In *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), consumers of prescription drugs in Virginia brought suit against the State Board of Pharmacy alleging that Board rules against advertising the price of prescription drugs were unconstitutional. The opinion of the majority noted that speech bearing the designation of "commercial speech" is not necessarily outside the protection of the First Amendment. Speech which is commercial in nature may simply require a less compelling public interest to tip the balance in favor of a reasonable restraint thereon.

The State agrees that commercial speech is entitled to some protection under the First Amendment. However, it is urged that the State's interest in regulating the evils of alcohol justify the rule, particularly in light of the Twenty-First Amendment's recognition of the State's interest in this area. Pointing to the lower burden of proof outlined in the *Virginia State Board of Pharmacy* case, the State contends that such a burden has been met as to its prohibition of price advertising.

The United States Supreme Court has outlined the proper framework for dealing with restraints on commercial speech in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). In that case a New York Public Service Commission regulation which prohibited utilities from advertising to promote the use of electricity was held to be unconstitutional, despite the State's obvious interest in conserving energy. The Court set forth its approach to restraints in commercial speech:

> If the communication is neither misleading nor related to unlawful activity, the government's power is more circumscribed. The State must assert a substantial interest to be achieved by restric-

tions on commercial speech. Moreover, the regulatory technique must be in proportion to that interest. The limitation on expression must be designed carefully to achieve the State's goal. Compliance with this requirement may be measured by two criteria. First, the restriction must directly advance the state interest involved; the regulation may not be sustained if it provides only ineffective or remote support for the government's purpose. Second, if the governmental interest could be served as well by a more limited restriction on commercial speech, the excessive restrictions cannot survive.

*Id.,* at 566, 100 S.Ct. at 65 L.Ed.2d 349, 350. The Commission's rule in the case before this Court cannot meet the tests suggested in the *Central Hudson* decision.

Delaware's rule against advertising the price of alcoholic beverages must fall for reasons similar to those applied in the *Virginia State Board of Pharmacy* decision. It cannot be said that the regulation directly advances the State interest involved.

■ The State's reliance on the Twenty-First Amendment is noted but the State's right to regulate the sale of alcoholic beverages is not inconsistent with the conclusion reached above. The decision in *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.,* 445 U.S. 97, 100 S.Ct. 937, 63 L.Ed.2d 233 (1980) makes it clear that the Twenty-First Amendment does not free the states from a duty to comply with federal statutes such as the anti-trust laws. The reasoning of that case would apply with even greater force with respect to the constitutional guarantees contained in the First Amendment. The Twenty-First Amendment might well permit a total ban on the sale of alcohol and many other regulations as to the distribution of alcoholic beverages, but once the State chooses to permit the advertising of such beverages, the regulations governing such advertising

---

*Eastern Liquor Corp. v. State Liquor Authority,* 25 N.Y.2d 525, 307 N.Y.S.2d 441, 255 N.E.2d 704 (1969), which upheld a ban on advertising the actual price only, supports the decision of the Commission in this case. .Since the *Great*

*Eastern* Court construed only the New York statute and did not address First Amendment claims, the decision is of limited value in this case.

are subject to some of the same constitutional freedoms as other commercial speech (subject always to regulations reasonably related to the public interest).

Insofar as Rule 27 prohibits price advertising, it infringes upon the guarantees of the First Amendment and has no logical justification for its existence under the Twenty-First Amendment. The prohibition against advertising prices simply has not been shown to have any direct effect on the evils which it may have been designed to regulate. I find that the prohibition against advertisement of prices contained in Rule 27 of the Delaware Alcoholic Beverage Control Commission is in violation of rights guaranteed by the First Amendment of the United States Constitution. The Rule cannot stand.

The decision and order of the Commission is hereby reversed. IT IS SO ORDERED.